HEARD APRIL TERM, 1878.

## BRIGGS *vs.* WINSMITH.

In a case tried by the Judge, by consent, where there is no contest, there need be no finding of fact, and the order for judgment is a sufficient finding of the law.

A contract to pay a sum certain at a future day, with interest at twelve per cent. per annum, nothing being said as to the rate of interest after the principal sum becomes due, bears interest at the rate of twelve per cent. until it becomes due, and from that time, upon the aggregate of principal and interest, seven per cent.

BEFORE NORTHROP, J., AT SPARTANBURG, MARCH, 1877.

Action by L. Briggs against J. Winsmith.

The case is as follows:

On the 1st of January, 1871, defendant gave to one John Pratt his sealed not for $1,701.25, payable twelve months after date, "with interest from date at the rate of twelve per cent. per annum." On the 8th of March, 1871, Pratt assigned the note to J. F. & J. B. Cleveland, who afterwards assigned it to the plaintiff. Several credits were endorsed upon the note—one of 29th January, 1872, for $204.15; another of 10th March, 1873, for "the interest to the 1st of January, 1873," and a third, of 31st January, 1874, for $200.

The case was upon Calendar No. 1, for trial by a jury, but by consent the issues of fact were submitted to the Court.

The plaintiff proved the execution of the note and admitted the credits. The defendant offered no testimony.

The Court gave judgment as follows:

This action having been brought to trial by the Court, a trial by jury having been duly waived and a decision thereon rendered for the plaintiff, it is now, on motion of Elford, counsel for plaintiff, adjudged that the plaintiff recover of the defendant, J. Winsmith, twenty-three hundred and seventy-one dollars and sixty-four cents, with interest at twelve per cent. per annum, and costs.

The defendant excepted, and appealed on the ground that His Honor the presiding Judge erred:

1. In refusing a continuance and forcing the defendant to trial.

2. In allowing interest on said note at the rate of twelve per cent. per annum after its maturity.

3. In allowing any other interest except at the rate of seven per cent. per annum.

4. Because His Honor made no findings of either law or fact.

*Thomson*, for appellant.

*Duncan & Cleveland*, contra.

July 26, 1878.   The opinion of the Court was delivered by

WILLARD, C. J.   This is an action on a sealed note, tried by the Court by consent of parties.   The credits on the note were admitted and no defense made.   The Court gave judgment for the amount due, with interest at the rate fixed by the contract, viz., twelve per cent. per annum to the day of judgment.   The defendant appeals from the allowance of twelve per cent. interest, and also on the ground that there were no findings of fact and law.   As there was no contest as to the facts, no finding of fact was necessary, and the order for judgment is a sufficient finding of the law.

The note contains a promise to pay a sum certain at twelve months from date, "with interest at the rate of twelve per cent. per annum."   This contract must be construed as calling for interest at that rate until its maturity.

No contract appears intended to govern the rate of interest from and after the maturity of the note, consequently the damages for non-payment at maturity are governed by the rule of law fixing such damage at interest at seven per cent.—*Langston* vs. *South Carolina Railroad*, 2 S. C., 248.   The Court, therefore, erred in allowing interest at the rate of twelve per cent. after the maturity of the note.   The proper allowance was at the rate of seven per cent. from that time.

The judgment is erroneous and must be set aside, unless the plaintiff remits the excess of interest thus charged; and on such remission being made, the judgment, as amended, will stand affirmed, but with costs of this appeal to the appellant.

The case will be remanded to the Circuit Court for further proceedings, in conformity with the foregoing decision.

*McIver*, A. J., and *Haskell*, A. J., concurred.